IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NORRIS MORGAN, § | |
| § | |
| Plaintiff, § | |
| vs. § | Civil Action No. 3:17-CV-0897-M-BH |
| § | |
| TEXAS DEPARTMENT OF STATE § | |
| HEALTH SERVICES, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Order of Reference*, filed July 28, 2017 (doc. 22), before the Court for recommendation is *Defendant's 12(b)(6) Motion to Dismiss*, filed July 28, 2017 (doc. 21). Based upon the relevant filings and applicable law, the motion should be **GRANTED**, and the plaintiff's remaining claims should be dismissed *sua sponte*, unless he timely files an amended complaint.

**I. BACKGROUND**

On March 30, 2017, Norris Morgan (Plaintiff) filed suit against his former employer, the Texas Department of State Health Services (Defendant), alleging identity theft, retaliation, racial discrimination, harassment, and First Amendment violations. (doc. 3 at 1.)[1]

Plaintiff worked as a Psychiatric Nursing Assistant IV (PNA IV) at the Terrell State Hospital (Hospital). (doc. 3 at 4-6.); *see also Morgan v. Tex. Dep't of State Health Servs.*, No. 3:17-CV-0047-D, 2017 WL 3098582, at *1 (N.D. Tex. June 5, 2017), *adopted by*, 2017 WL 3086331 (N.D. Tex. July 20, 2017) (*Morgan I*).[2] He submitted a request for leave to spend time with his wife, who was undergoing cancer treatment. *Morgan*, 2017 WL 3098582, at *1. The request was not processed for

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Both lawsuits arose out of the same set of facts.

one month and ten days, but it was ultimately approved. *Id*. Before he was scheduled to return to work, he requested additional time off, but this second request was denied. *Id*. When Plaintiff returned to work, he alleged that his vacation and sick time were "stolen" from him by two employees of a different race, that several employees at the Hospital assisted in a cover up regarding the stolen time, and that he was treated differently than other PNA IVs. *Id*. He subsequently inquired about the denial of his leave request and was informed that he had exhausted all of his available benefits, including all of his leave benefits. *Id*. He filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division and the Equal Employment Opportunity Commission (EEOC), alleging racial discrimination from December 30, 2013 through July 16, 2014. *Id*. at *2. After an investigation, the EEOC declined to take further action, finding that the information presented by Plaintiff did not show he was treated differently based on his race. *Id*.

On January 6, 2017, Plaintiff filed a *pro se* complaint in *Morgan I* alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, violations of the Family and Medical Leave Act (FMLA), and general Labor Law violations. *Id*. at *1. He also alleged criminal violations by personnel at the Hospital. *Id*. He sought $3,960.81 in actual damages and $100 million in punitive damages. *Id*. On February 21, 2017, Defendant moved to dismiss; its motion was granted on July 20, 2017, and Plaintiff's Title VII claim was dismissed for failure to exhaust administrative remedies, and his remaining claims were dismissed for failure to state a claim upon which relief can be granted. *See id.* at 2; *Morgan*, 2017 WL 3086331, at *1. He was given the opportunity to amend his complaint prior to its dismissal but did not do so.

On March 30, 2017, Plaintiff filed his *pro se* complaint in this action alleging racial discrimination, retaliation, and harassment, violations of his First Amendment rights, and identity theft

2

by personnel at the Hospital. (doc. 3 at 1.) He bases these claims on a February 2, 2014 leave request form, a February 28, 2017 written warning that placed him "one step from being fired", and a March 13, 2017 email instructing him to certify his "time for the month of February 2017." (*See* doc. 3 at 3, 5, 6-11.) Plaintiff seeks $6,716.87 in actual damages and $10 billion in punitive damages. (*Id.*)

On July 28, 2017, Defendant moved to dismiss Plaintiff's claims in this case for failure to state a claim. (doc. 21.) Plaintiff did not file a response, and the motion is now ripe for recommendation.

## II. MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 21)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the

4

complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, the filings in *Morgan I* can be judicially noticed because they are matters of public record whose contents cannot reasonably be disputed, so it is unnecessary to convert Defendant's motion to dismiss into a summary judgment motion. *See Norris*, 500 F.3d at 461 n.9; *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of . . . deeds and assignments"); *see also* Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed").

A. **Res Judicata**

Defendant first moves to dismiss Plaintiff's claims on grounds of res judicata. (doc. 21 at 3.)

The "rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are

5

collectively referred to as 'res judicata.'").

Res judicata is generally "an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial." *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004) (citing *Moch v. East Baton Rouge Parish School Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977) ("Generally, a party cannot base a 12(b)(6) motion on res judicata."). Nevertheless, "[i]f, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008) (per curiam) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). As with all affirmative defenses, the burden of proving claim preclusion "rests on the party claiming the benefit of the doctrine." *Patterson v. Dean Morris, L.L.P.*, No. 08-5014, 2011 WL 1791235, at *6 (E.D. La. May 6, 2011) (citation omitted); *accord Taylor*, 553 U.S. at 907.

### 1. Claim Preclusion

"True res judicata" or "claim preclusion . . . bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). This doctrine has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer*, 718 F.3d at 466-67.

Here, Plaintiff filed this *before* a final judgment on the merits was rendered in *Morgan I*. *See Morgan*, 2017 WL 3086331, at *1; (*see also* doc. 3 at 1.) Because *Morgan I* had not been concluded by a final judgment on the merits when he filed this lawsuit, the third element of claim preclusion has

6

not been met. *See Warren v. Bank of Am., N.A.*, No. 3:13-CV-1135-M, 2013 WL 8177096, at *5 (N.D. Tex. Nov. 15, 2013), *adopted by*, 2014 WL 1315855 (N.D. Tex. Mar. 27, 2014) (determining that the third element was not met where the plaintiff filed his second lawsuit "four days *before* a final judgment on the merits was rendered in the first lawsuit"). Additionally, Plaintiff's claims of discrimination, retaliation, and harassment are based in part on the written warning and email he received after he filed *Morgan I*. (*See* doc. 3 at 3, 6-11.) These claims were not litigated in *Morgan I* because they were based on actions that had not yet occurred when it was filed. *See Test Masters Educ. Servs., Inc.*, 428 F.3d at 571. This action does not involve the same claims, so the fourth element has also not been met. Plaintiff's claims are not barred by claim preclusion.

   2.   *Issue Preclusion*

Collateral estoppel, or issue preclusion, "is limited to matters distinctly put in issue, litigated, and determined in the former action." *Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 250 (5th Cir. 1999) (citation omitted). This doctrine has three elements: (1) the issue at stake is identical to the one involved in the prior action; (2) the issue was actually litigated in that action; and (3) the determination of the issue was a critical and necessary part of that judgment. *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009) (citation omitted).

As noted, Plaintiff's claims for discrimination, retaliation, and harassment are based in part on actions that took place after he filed *Morgan I*. (*See* doc. 3 at 3, 6-11.) Those claims were not asserted nor "actually litigated in that action." Consequently, the determination of these claims was not "a critical and necessary part" of the judgment. Because the second and third elements of issue preclusion are not satisfied, this doctrine is also inapplicable.

Defendant's motion to dismiss on the basis of res judicata should be denied.

7

**B.     Failure to Exhaust Administrative Remedies**

Defendant moves to dismiss Plaintiff's claims for racial discrimination, harassment, and retaliation because he did not exhaust his administrative remedies before filing suit by timely filing a Charge of Discrimination and receiving a right-to-sue letter. (doc. 21 at 5-6.)

Before an individual can pursue a Title VII claim in federal court, he must exhaust his available administrative remedies by filing a charge with the EEOC and receiving a statutory notice of right to sue. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). "Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Id.* (quoting *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)). Courts have routinely held that a plaintiff's complaint is subject to dismissal under Rule 12(b)(6) when the plaintiff "fails to allege exhaustion of administrative remedies." *Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979); *see Johnson v. U.S. Postal Serv.*, No. 3:15-CV-1081-L-BK, 2016 WL 791076, at *1–2 (N.D. Tex. Jan. 27, 2016) (finding that plaintiff's Title VII claim should be dismissed for failure to state a claim rather than for lack of jurisdiction where the plaintiff failed to allege exhaustion of administrative remedies); *Shabazz v. Tex. Youth Comm'n*, 300 F. Supp. 2d 467, 471 (N.D. Tex. 2003) (dismissing the plaintiff's claim under Rule 12(b)(6) where the plaintiff alleged that he filed a charge but failed to allege that a right to sue letter was issued or received); *Dao v. Auchan Hypermarket*, No. H-95-2619, 1995 WL 902483, at *2 (S.D. Tex. Dec. 5, 1995), *aff'd* 96 F.3d 787 (5th Cir. 1996) (dismissing plaintiff's Americans with Disabilities Act claim under Rule 12(b)(6) because the plaintiff did not allege in her complaint that she filed a charge with the EEOC or that she obtained a right to sue letter prior to filing suit); *compare Vernon v. Tangipahoa Par. Sch. Bd.*, No. 15-2083, 2016 WL 3144383, at *2 (E.D. La. June 6, 2016) (finding that, even though not alleged in her

complaint, the plaintiff exhausted her administrative remedies by producing her EEOC charge and right to sue letter in response to a motion to dismiss and her claim was therefore not subject to dismissal under Rule 12(b)(6)).

Here, Plaintiff's complaint does not allege that he filed a charge with the EEOC regarding any new claims for racial discrimination, retaliation, or harassment. The only charge Plaintiff appears to have filed with the EEOC was the untimely charge at issue in *Morgan I* regarding the alleged discriminatory activity related to his medical leave request. *See Morgan*, 2017 WL 3098582, at *4. His complaint does not allege "that the EEOC issued a right-to-sue letter or that he ever received such a letter." *Shabazz*, 300 F. Supp. 2d at 471. Because he has not alleged that he has met the precondition for filing suit by exhausting his available administrative remedies, his claims for discrimination, retaliation, and harassment under Title VII should be dismissed without prejudice. *See Shabazz*, 300 F. Supp. 2d at 471 (dismissing a pro se plaintiff's Title VII claim without prejudice where the plaintiff failed to allege exhaustion of administrative remedies in his complaint); *but see Johnson*, 2016 WL 791076, at *2 (dismissing a pro se plaintiff's Title VII claims with prejudice where plaintiff failed to state a claim even if he demonstrated that he exhausted his administrative remedies).

**C.     Criminal Statutes**

Defendant also moves to dismiss Plaintiff's identity theft claim. (doc. 21 at 6.) To the extent that Plaintiff's identity theft claim can be liberally construed as an attempt to bring a civil claim under a criminal statute, "[p]rivate citizens do not have the right to bring a private action under a federal criminal statute." *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)). They cannot enforce criminal statutes in a civil action. *See Florance v. Buchmeyer*, 500 F. Supp. 2d

9

618, 626 (N.D. Tex. 2007); *see, e.g.,Algoe v. Texas*, Nos. 3:15-CV-1162-D, 3:15-CV-1204-D, 2016 WL 6902154, at *9 (N.D. Tex. Sept. 29, 2016) (dismissing civil claim brought pursuant to criminal statutes), *adopted by* 2016 WL 6893682 (N.D. Tex. Nov. 21, 2016).  Plaintiff's claim based on a criminal statutes should also be dismissed for failure to state a claim.

### III. *SUA SPONTE* DISMISSAL

Plaintiff also alleges a violation of the First Amendment in his complaint.  (*See* doc. 3 at 1.) Defendant has not moved to dismiss this claim.  (*See* doc. 21)

A court may *sua sponte* dismiss a plaintiff's claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of the Court's intention and an opportunity respond.  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)).  "The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond."  *Fantroy v. First Fin. Bank, N.A.*, No. 3:12-CV-0082-N (BH), 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012), *adopted by* 2013 WL 55669 (N.D. Tex. Jan. 4, 2013) (citing *Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008)).

Plaintiff only generally alleges "1st Amendments" in his complaint.  (doc. 3 at 1.)  He does not state how his First Amendment rights were violated nor does he present any facts in support of this alleged violation.  (*See id*.)  As noted, regardless of whether a plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal, *Guidry*, 954 F.2d at 281, and a plaintiff must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555.  Any First Amendment claim should be dismissed *sua sponte* for failure to state a claim.

## IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. However, "[w]hen a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do so, then the district court is justified in dismissing the complaint with prejudice." *Rodriguez v. U.S.*, 66 F.3d 95, 98 (5th Cir. 1995). Additionally, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has not amended his complaint since filing this suit. It does not appear that he has alleged his best case. He should therefore be accorded an opportunity to amend his complaint to sufficiently state a claim upon which relief can be granted.

## V. RECOMMENDATION

If Plaintiff does not file an amended complaint within 14 days allotted for objections to this recommendation, or a deadline otherwise set by the Court, Defendant's motion to dismiss should be

11

**GRANTED**, and Plaintiff's Title VII discrimination, retaliation, and harassment claims should be **DISMISSED without prejudice** for failure to exhaust administrative remedies, Plaintiff's claim based on a criminal statute should be **DISMISSED with prejudice** for failure to state a claim, and his First Amendment claim should *sua sponte* be **DISMISSED with prejudice** for failure to state a claim. If Plaintiff timely files an amended complaint, however, the motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

   **SO RECOMMENDED** on this 2nd day of November, 2017.

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE