IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NORRIS MORGAN, § | |
| § | |
| Plaintiff, § | |
| vs. § | Civil Action No. 3:17-CV-0897-D-BH |
| § | |
| TEXAS DEPARTMENT OF STATE § | |
| HEALTH SERVICES, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Order of Reference*, filed July 28, 2017 (doc. 31), before the Court for recommendation is *Defendant's Amended 12(b)(6) Motion to Dismiss*, filed November 28, 2017 (doc. 27). Based upon the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

Norris Morgan (Plaintiff) sues his former employer, the Texas Department of State Health Services (Defendant), alleging harassment, retaliation, and denial of benefits in violation of Title VII and the Family and Medical Leave Act (FMLA). (doc. 25 at 1-2.)[1]

**A.   Factual History**

Plaintiff worked as a Psychiatric Nursing Assistant IV (PNA IV) at the Terrell State Hospital (Hospital). *See Morgan v. Tex. Dep't of State Health Servs.*, No. 3:17-CV-0047-D, 2017 WL 3098582, at *1 (N.D. Tex. June 5, 2017), *adopted by*, 2017 WL 3086331 (N.D. Tex. July 20, 2017) (*Morgan I*).[2] He submitted a request for leave to spend time with his wife, who was undergoing cancer treatment. *Id*. Defendant's employee allegedly demanded that a "surgeon, [chemotherapy,] and

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] This lawsuit arose out of the same set of facts as, and is related to, *Morgan I*. Plaintiff's allegations in that case provide relevant background information and context for the claims he raises in his amended complaint in this case.

radiation doctor fill out FMLA paper work," "costing" Plaintiff. (doc. 25 at 1.) He alleges that the documents were "sent from the doctors office per proto-call [sic]." (*Id*.) His request was not processed for one month and ten days, but it was ultimately approved. *Morgan*, 2017 WL 3098582, at *1. Before he was scheduled to return to work, he requested additional time off, but this second request was denied. *Id*. He later inquired about the denial of his leave request and was informed that he had exhausted all of his available benefits, including all of his leave. *Id*. When Plaintiff returned to work, his vacation and sick time were allegedly "stolen" from him by two employees of a different race, several employees at the Hospital assisted in a cover up regarding the stolen time, and he was treated differently than other PNA IVs. *Id*. He also alleges that one employee for Defendant disciplined him twice, "instead of writing up the two white people that cause[d] [his] time to be wrong." (doc. 25 at 1.)

Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division and the Equal Employment Opportunity Commission (EEOC), alleging racial discrimination from December 30, 2013 through July 16, 2014. *Morgan*, 2017 WL 3098582 at *2. He claimed that an employee for Defendant "constructed about [a] 12 page dossier" containing false information "to get [his] legal (EEOC) dro[p]ped." (doc. 25 at 1.) After an investigation, the EEOC declined to take further action, finding that the information presented by Plaintiff did not show he was treated differently based on his race. *Morgan*, 2017 WL 3098582, at *2.

**B.     Procedural History**

On January 6, 2017, Plaintiff filed a *pro se* complaint in *Morgan I* alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, violations of the Family and Medical Leave Act (FMLA), and general Labor Law violations. *Id*. at *1. He also alleged criminal

2

violations by personnel at the Hospital. *Id*. He sought $3,960.81 in actual damages and $100 million in punitive damages. *Id*. On February 21, 2017, Defendant moved to dismiss the case; its motion was ultimately granted on July 20, 2017, and Plaintiff's Title VII claim was dismissed for failure to exhaust administrative remedies, and his remaining claims were dismissed for failure to state a claim upon which relief could be granted. *See* 2017 WL 3086331 at 1. He had been given the opportunity to amend his complaint prior to its dismissal, but did not do so. *See* 2017 WL 3098582, at *7.

While that case was pending, on March 30, 2017, Plaintiff filed his *pro se* complaint in this case, alleging racial discrimination, retaliation, and harassment, violations of his First Amendment rights, and identity theft by personnel at the Hospital. (*See* doc. 3). He sought $6,716.87 in actual damages and $10 billion in punitive damages. *Id*. On July 28, 2017, Defendant moved to dismiss this action. (*See* doc. 22.) On November 2, 2017, it was recommended that the motion be granted, and that Plaintiff's Title VII discrimination and retaliation claims be dismissed for failure to exhaust administrative remedies, and his remaining claims be dismissed for failure to state a claim upon which relief could be granted, but that he be given the opportunity to amend. (*See* doc. 24.)

On November 14, 2017, Plaintiff filed his amended complaint in this action alleging harassment, retaliation, and denial of benefits in violation of Title VII and the FMLA. (doc. 25 at 1-2.) He seeks $3,960 in actual damages, and $10 billion in punitive damages. (*Id*.) On November 28, 2017, Defendant moved to dismiss the amended complaint for failure to state a claim. (doc. 27.) Plaintiff filed a response, and the motion is now ripe for recommendation. (*See* doc. 34.)

## II. MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* docs. 27; 28.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

4

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Defendant relies only on the complaint in support of its motion to dismiss. Additionally, the filings in *Morgan I* can be judicially noticed because they are matters of public record whose contents cannot reasonably be disputed, so it is unnecessary to convert Defendant's motion to dismiss into a summary judgment motion. *See Norris*, 500 F.3d at 461 n.9; *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of "unimpeached certified copies of . . . deeds and assignments"); *see also* Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed").

A.  **Failure to Exhaust Administrative Remedies**

Defendant moves to dismiss Plaintiff's Title VII claims because he did not exhaust his administrative remedies before filing suit by timely filing a charge of discrimination and receiving a right-to-sue letter. (doc. 28 at 4-6.)

Before an individual can pursue a Title VII claim in federal court, he must exhaust his available administrative remedies by filing a charge with the EEOC and receiving a statutory notice of right to sue. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). "Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Id.* (quoting *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)). Courts have routinely held that a plaintiff's complaint is subject to dismissal under Rule 12(b)(6) when the plaintiff "fails to allege exhaustion of administrative remedies." *Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979); *see Johnson v. U.S. Postal Serv.*, No. 3:15-CV-1081-L-BK, 2016 WL 791076, at *1–2 (N.D. Tex. Jan. 27, 2016) (finding that plaintiff's Title VII claim should be dismissed for failure to state a claim rather than for lack of jurisdiction where the plaintiff failed to allege exhaustion of administrative remedies); *Shabazz v. Tex. Youth Comm'n*, 300 F. Supp. 2d 467, 471 (N.D. Tex.

6

2003) (dismissing the plaintiff's claim under Rule 12(b)(6) where the plaintiff alleged that he filed a charge but failed to allege that a right to sue letter was issued or received); *Dao v. Auchan Hypermarket*, No. H-95-2619, 1995 WL 902483, at *2 (S.D. Tex. Dec. 5, 1995), *aff'd* 96 F.3d 787 (5th Cir. 1996) (dismissing plaintiff's Americans with Disabilities Act claim under Rule 12(b)(6) because the plaintiff did not allege in her complaint that she filed a charge with the EEOC or that she obtained a right to sue letter prior to filing suit); *compare Vernon v. Tangipahoa Par. Sch. Bd.*, No. 15-2083, 2016 WL 3144383, at *2 (E.D. La. June 6, 2016) (finding that, even though not alleged in her complaint, the plaintiff exhausted her administrative remedies by producing her EEOC charge and right to sue letter in response to a motion to dismiss and her claim was therefore not subject to dismissal under Rule 12(b)(6)).

Here, Plaintiff's complaint does not allege that he filed a charge with the EEOC regarding any new claims for harassment, retaliation, or denial of benefits. (doc. 25 at 1.) The only charge Plaintiff appears to have filed with the EEOC was the untimely charge at issue in *Morgan I* regarding the alleged discriminatory activity related to his medical leave request. *See Morgan*, 2017 WL 3098582, at *4. His complaint does not allege "that the EEOC issued a right-to-sue letter or that he ever received such a letter." *Shabazz*, 300 F. Supp. 2d at 471. Because he has not alleged that he has met the precondition for filing suit by exhausting his available administrative remedies, his Title VII claims should be dismissed without prejudice.[3] *See Shabazz*, 300 F. Supp. 2d at 471 (dismissing a *pro se* plaintiff's Title VII claim without prejudice where the plaintiff failed to allege exhaustion of

---

[3] Generally, dismissals under Rule 12(b)(6) are on the merits and should be with prejudice. *Csorba v. Varo, Inc.*, 58 F.3d 636 n.2 (5th Cir. 1995) (per curiam) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). However, "[w]hen a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) (citing *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997); *Crawford v. Tex. Army Nat'l Guard*, 794 F.2d 1034, 1035, 1037 (5th Cir. 1986)).

administrative remedies in his complaint).

**B.     Criminal Violations**

Defendant moves to dismiss Plaintiff's claims that may be liberally construed as alleging criminal violations. (doc. 28 at 6-7.)[4]

To the extent that Plaintiff's allegations of employees engaging in criminal and fraudulent acts can be liberally construed as an attempt to bring a civil claim under a criminal statute, "[p]rivate citizens do not have the right to bring a private action under a federal criminal statute." *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)). They cannot enforce criminal statutes in a civil action. *See Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007); *see, e.g., Algoe v. Texas*, Nos. 3:15-CV-1162-D, 3:15-CV-1204-D, 2016 WL 6902154, at *9 (N.D. Tex. Sept. 29, 2016) (dismissing civil claim brought pursuant to criminal statutes), *adopted by* 2016 WL 6893682 (N.D. Tex. Nov. 21, 2016). Accordingly, any claim by Plaintiff based on a criminal statute should also be dismissed for failure to state a claim.

**C.     FMLA**

Defendant also moves to dismiss Plaintiff's claims under the FMLA because he failed "to establish a prima facie case for FMLA interference or retaliation." (doc. 28 at 7-8.)

"The FMLA has two distinct sets of provisions, which together seek to meet the needs of families and employees and to accommodate the legitimate interests of employers." *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (per curiam) (internal quotations

---

[4] In his response, Plaintiff appears to attempt to clarify that he was filing his claims under the FMLA, rather than under criminal statutes. (doc. 34 at 1.) He goes on, however, to assert that Defendant "also use[d] criminal acts to violate the FMLA," and "used a fraudulent document to get" his benefits denied. (*Id.*)

omitted). The first set of provisions are prescriptive and provide a series of substantive rights. *See id.*; *see also Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 763 (5th Cir. 2001), *abrogated on other grounds by Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702 (5th Cir. 2016). "The FMLA allows eligible employees to take up to twelve weeks of leave in any one-year period to address a family member's or the employee's own serious health condition." *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 768 (5th Cir. 2015) (citing 29 U.S.C. § 2612(a)(1)(C)-(D)). An employer is required to restore the employee to the position he or she occupied prior to his or her leave, or its equivalent. *Ariza v. Loomis Armored US, L.L.C.*, 676 F. App'x 224, 228 (5th Cir. 2017) (per curiam) (citing 29 U.S.C. § 2614(a)(1)). Claims for violations of these prescriptive rights are brought under § 2615(a)(1), which makes it unlawful for an employer to interfere with, restrain, or deny the exercise or attempted right of FMLA rights. *See Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004).

The second set of provisions in the FMLA are proscriptive in nature and "bar employers from penalizing employees and other individuals for exercising their rights."[5] *Elsensohn*, 530 F.3d at 372. "The proscriptive FMLA rights include an employee's right not to be discriminated or retaliated against for having exercised the right to take FMLA leave." *Haley*, 391 F.3d at 649. Claims for violations of these proscriptive rights are brought under 29 U.S.C. § 2615(a)(2). *Haley*, 391 F.3d at 649 (citing *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998)). An employee may

---

[5] As explained by the Fifth Circuit:

> This court has, at times, classified claims brought under Section 2615(a)(1) as "prescriptive" and claims brought under 2615(a)(2) as "proscriptive." *See Cuellar v. Keppel Amfels, L.L.C.*, 731 F.3d 342, 349 n. 2 (5th Cir.2013) (Elrod, J., concurring) (collecting cases). At other times, this court has labeled the claims "interference" and "retaliation" claims. *See id.*

*Bryant*, 781 F.3d at768.

9

bring a suit to enforce his or her prescriptive or proscriptive rights under 29 U.S.C. § 2617(a). "[A] plaintiff need not establish a violation of the substantive, prescriptive violations of the FMLA to allege a violation of the proscriptive provisions." *Hunt*, 277 F.3d at 768 (citing *Chaffin v. John H. Carter Co.*, 179 F.3d 316, 319 (5th Cir. 1999)).

### 1. Prescriptive Claim

Defendant argues that Plaintiff did not allege that it "interfered with, restrained, or denied him his exercise of FMLA rights," or "that he was prejudiced . . . ." (doc. 28 at 8.) Plaintiff asserts that Defendant violated 825.220 of the FMLA. (doc. 25 at 1.)[6]

29 C.F.R. § 825.220 provides that "[t]he FMLA prohibits interference with an employees rights under the law, and with legal proceedings or inquiries relating to an employees rights." Specifically, the FMLA states:

> (1) An employer is prohibited from interfering with, restraining, or denying the exercise (or attempts to exercise) any rights provided by the Act.
>
> (2) An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.
>
> (3) All persons (whether or not employers) are prohibited from discharging or in any other way discriminating against any person (whether or not an employee) because that person has—
>
>> (i) Filed any charge, or has instituted (or caused to be instituted) any proceeding under or related to this Act;
>>
>> (ii) Given, or is about to give, any inofmration in connnection with an inquiry or proceeding relating to a right under this Act;
>>
>> (iii) Testified, or is about to testify, in any inquiry or proceeding relating to a right under this Act.

---

[6] Plaintiff also asserts that Defendant violated section 105 of the FMLA. (doc. 25 at 1.) Section 105 is codified at 29 U.S.C. § 2615. The prohibitions of § 2615 are discussed in section 825.220. *See* 29 C.F.R. § 825.220.

29 C.F.R. § 825.220(a); *see* 29 U.S.C. § 2615.

To obtain relief under the prescriptive provisions of the FMLA, a plaintiff must not only prove that the employer violated § 2615 by interfering with, restraining, or denying him exercise of FMLA rights, but also that he was prejudiced by this violation. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002); *Acker v. General Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017) (noting that an interference claim under the FMLA also requires the plaintiff to show that the violation prejudiced him). "Prejudice is a 'real impairment' of an employee's FMLA rights." *Villegas v. Albertsons, LLC*, 96 F. Supp. 3d 624, 634 (W.D. Tex. 2015) (citing *Downey v. Strain*, 510 F.3d 534, 540 (5th Cir. 2007)). This is because "[an] employer is only liable for compensation and benefits lost 'by reason of the violation,' for other monetary losses sustained 'as a direct result of the violation,' and for 'appropriate' equitable relief including employment, reinstatement, and promotion." *Ragsdale.*, 535 U.S. at 89 (citing 29 U.S.C. § 2617(a)(1)). "The remedy is tailored to the harm suffered." *Id*. (citation omitted).

Here, Plaintiff alleges that "multiple people join[ed] in to deny [his] benefits" such as sick time and vacation time. (doc. 25 at 1.) He claims Defendant "took over a month and a half to send [his] paperwork off in which they constructed a document to get [him] denied," and demanded that a surgeon, chemotherapy, and radiation doctor "fill out FMLA paperwork." (*Id.*)

An employer may request that an employee's FMLA leave be supported by a certification issued by the affected person's health care provider.[7] 29 U.S.C. § 2613(a); *see, e.g., Crane v. Gore*

---

[7] Section 2613(a) states:

> An employer may require that a request for leave under subparagraph (C) or (D) of paragraph (1) or paragraph (3) of section 2612(a) of this title be supported by a certification issued by the health care provider of the eligible employee or of the son, daughter, spouse, or parent of the employee, or of the next of kin of an individual in the case of leave taken under such paragraph (3), as appropriate. The employee shall provide, in a timely manner, a copy of such certification

11

*Design Completion, Ltd.*, 21 F. Supp. 3d 769, 775–76 (W.D. Tex. 2014) (noting "[a]n employer may request that an employee's FMLA leave be supported by a certification issued by the employee's health care provider"). Plaintiff does not allege that he timely submitted all requested documentation prior to the delay. (*See* doc. 25.) Although he asserts that documents were sent from the doctor's office, it appears from the complaint that the delay may have resulted from the need for additional documentation. (*See id*. at 1.)

Nevertheless, even if Plaintiff has sufficiently alleged that Defendant interfered with his FMLA rights, he has not alleged that he was prejudiced by this violation. He alleges only that requesting FMLA paperwork from doctors cost him, but he does not allege any facts that support this allegation. (*See id*.) Although he alleges that Defendant "constructed a document to get him denied," he referred to returning to work, indicating he did take leave at some point. (*Id*.; doc. 34 at 1.) Further, he previously clarified in *Morgan I* that his initial request for leave was approved, while his second request was denied because he had exhausted his leave benefits. *Morgan*, 2017 WL 3098582, at *1, 5. Even accepting Plaintiff's well-pleaded facts as true and viewing them in the light most favorable to him, his conclusory statement that Defendant "g[o]t him denied" does not show that he did not receive the FMLA leave to which he was entitled. (*See id*. at 1.) Plaintiff has therefore failed to allege that he was prejudiced by any violation. *See, e.g., Mercer v. Arbor E&T, LLC*, No. 11-CV-3600, 2013 WL 164107, at *16 (S.D. Tex. Jan. 15, 2013) (granting summary judgment on a plaintiff's FMLA claim because the plaintiff "ha[d] not articulated how her FMLA rights were impaired by [the defendants'] alleged actions."); *Arismendiz v. Univ. of Tex. at El Paso*, 536 F. Supp. 2d 710, 716 (W.D.

---

to the employer.

29 U.S.C. § 2613(a) .

Tex. 2008) (granting summary judgment on a plaintiff's FMLA interference claim when "the undisputed facts and the evidence show[ed] that [the plaintiff] was not actually deterred from asking for FMLA leave and that she received all the FMLA leave that she sought"). Accordingly, he cannot obtain relief under a prescriptive FMLA claim. *See Ragsdale*, 535 U.S. at 89; *Richardson v. Monitronics Int'l, Inc.*, No. 3:02-CV-2338-N, 2004 WL 287730, at *2–4 (N.D. Tex. Jan. 27, 2004). His prescriptive FMLA claim should be dismissed for failure to state a claim.

　　**2.　Proscriptive Claim**

To the extent Plaintiff alleges a retaliation claim under the FMLA, Defendant asserts that he has failed to state a claim. (doc. 28 at 7-8.)

To state a prima facie case for retaliation under the FMLA, a plaintiff must allege that "1) he was protected under the FMLA; 2) he suffered an adverse employment action; and 3) he was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because he sought protection under the FMLA." *Acker*, 853 F.3d at 788 (quoting *Mauder v. Metro. Transit Auth. of Harris Cty.*, 446 F.3d 574, 583 (5th Cir. 2006)); *see also Richardson v. Monitronics In'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). "The third element requires the employee to show 'there is a causal link' between the FMLA-protected activity and the adverse action." *Acker*, 853 F.3d at 788 (quoting *Richardson*, 434 F.3d at 332).

Adverse employment decisions in the employment context are not limited to ultimate employment decisions, such as hiring, granting leave, discharging, promoting, and compensating, but include any actions that would dissuade a reasonable employee from exercising his or her rights under the FMLA. *See Lushute v. La., Dep't of Soc. Servs.*, 479 F. App'x 553, 555 (5th Cir. 2012) (per curiam) (citing *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006)); *see also Hunt*, 277

F.3d at 769. An employee suffers an adverse employment action under the FMLA, if "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *McArdle v. Dell Prods., L.P.*, 293 F. App'x 331, 337 (5th Cir. 2008) (quoting *Burlington N.*, 548 U.S. at 68, and extending its definition of adverse employment action in Title VII retaliation cases to FMLA cases).

Here, Plaintiff only asserts "retaliation" in the "[b]rief description of cause" section of his civil cover sheet, and makes a vague and conclusory allegation that he was disciplined twice when he returned to work. (doc. 25 at 1-2.) He does not allege that he was treated less favorably than other employees who had not requested FMLA leave or that he was disciplined because he sought protection under the FMLA. (*See id.*) He has not alleged the third element of an FMLA retaliation claim. To the extent that he is asserting a retaliation claim under the FMLA, it should be dismissed for failure to state a claim.

### III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed by court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis*

14

*Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1.  However, "[w]hen a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do so, then the district court is justified in dismissing the complaint with prejudice." *Rodriguez v. U.S.*, 66 F.3d 95, 98 (5th Cir. 1995).  Additionally, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has previously filed a similar suit against Defendant and has had the opportunity to amend his complaint in this lawsuit.  He has been unable to overcome the deficiencies in his amended complaint, even after they were specifically pointed out in both cases.  It appears that he has alleged his best case, and no further opportunity to amend his complaint is warranted.

## IV. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and Plaintiff's Title VII claims should be **DISMISSED without prejudice** for failure to exhaust administrative remedies, and Plaintiff's claims based on criminal violations and the FMLA should be **DISMISSED with prejudice** for failure to state a claim.

**SO RECOMMENDED** on this 29th day of March, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

15

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE